# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-24-0000322-PRW |
| | ) | |
| JESSE WAYNE JAMES KEENEN, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is the parties' Amended Joint Motion to Continue Jury Trial (Dkt. 24), seeking a continuance of this case to the March 2025 Trial Docket. They also ask the Court to extend the pretrial deadlines.

The Speedy Trial Act "generally requires that a defendant be brought to trial within seventy days of the filing of the indictment or information or the defendant's initial appearance, whichever occurs later."[1] But the statute also provides that several periods of time "are excluded from the seventy-day window."[2] Defendant argues that one of those exclusions, 18 U.S.C. § 3161(h)(7)(A), applies in this case and justifies excluding any delay resulting from their request from the Speedy Trial Act's calculations. That subsection excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the

---

[1] *United States v. Watson*, 766 F.3d 1219, 1228–29 (10th Cir. 2014).

[2] *Id.* (citing 18 U.S.C. § 3161(h)).

1

best interest of the public and the defendant in a speedy trial."[3] Though this provision is "meant to be a rarely used tool for those cases demanding more flexible treatment,"[4] it "gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs."[5] To grant an ends-of-justice continuance, the district court must explain "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."[6] The Court must also consider the factors set forth in 18 U.S.C. § 3161(h)(7)(B).[7]

Upon careful consideration, the Court finds that the ends of justice served by granting a three-month continuance outweigh the best interest of the public and the defendant in a speedy trial. In making this determination, the Court has specifically considered the length of delay, the reason for delay, any prejudice to Defendant, Defendant's assertion of his rights, and other relevant circumstances. Additionally, the Court has considered whether the failure to grant a continuance would "likely make continuation of [the] proceeding impossible, or [would] result in a miscarriage of justice,"[8]

---

[3] § 3161(h)(7)(A).

[4] *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989) (internal quotation marks omitted).

[5] *Zedner v. United States,* 547 U.S. 489, 499 (2006).

[6] § 3161(h)(7)(A).

[7] *Watson*, 766 F.3d at 1229. These four factors are non-exclusive, and the Court need not address the factors that plainly do not apply. *See United States v. Occhipinti,* 998 F.2d 791, 798 (10th Cir. 1993).

[8] § 3161(h)(7)(B)(i).

and also whether the failure to grant a continuance "would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation."[9] Based on Defendant's counsel's representations on the need for more time to receive and review voluminous discovery materials, investigate, interview witnesses, and consult with experts and Defendant, the Court finds that failure to grant a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[10] The Court therefore finds that the extended time granted by this continuance should be excluded from calculations under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

Accordingly, the Court hereby **GRANTS** the Motion (Dkt. 24); **STRIKES** the case from the Court's November 2024 Trial Docket; **STRIKES** the docket call set for October 31, 2024; **RESETS** the case on the Court's March 2025 Trial Docket; and **RESETS** the deadline for the pretrial motions and notices to February 3, 2024.

**IT IS SO ORDERED** this 29th day of October 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[9] § 3161(h)(7)(B)(iv).

[10] *Id.*